IRVING, J.,
for the Court:
¶ 1. Mississippi Livestock Producers Association (MLPA) appeals an order of summary judgment entered by the Circuit Court of Copiah County in favor of Perry Hood. The following issues are assigned as error and recited verbatim from MLPA’s statement of the issues
1. THE FIRST ISSUE TO CONSIDER IS GRANTED A SUMMARY JUDGMENT, PURSUANT TO RULE 56(A) OR DISMISSAL, PURSUANT TO RULE 12.
2. THE SECOND ISSUE TO CONSIDER IS WHETHER THE DEFENDANT, PERRY HOOD, WAS ON NOTICE THAT HE WAS BEING SUED ON A THEORY OF PARTNERSHIP.
3. IF THE COURT GRANTED SUMMARY JUDGMENT, THE NEXT ISSUE COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT NO GENUINE ISSUES OF MATERIAL FACT EXIST AS TO THE ISSUE OF NOTICE. IN OTHER WORDS, THE COURT FOUND THAT THE DEFENDANT WAS NOT ON NOTICE, AND THAT THERE WAS NOT EVEN A FACTUAL ISSUE REGARDING THE SAME. DID THE COURT COMMIT REVERSIBLE ERROR IN MAKING SUCH A FINDING?
IF THE COURT GRANTED A MOTION TO DISMISS, THE NEXT ISSUE COMMITTED RE-7ERSIBLE ERROR WHEN IT FOUND THAT AFTER LOOKING TO THE COMPLAINT THE DISCOVERY, THE DEFENDANT WAS NOT ON NOTICE THAT A PARTNERSHIP WAS BEING ALLEGED.
5. THE FINAL ISSUE TO CONSIDER COMMITTED REVERSIBLE [SIC] WHEN IT IGNORED THE PLAINTIFF’S CLAIM BASED ON UNJUST ENRICHMENT.
Upon review of the record and the briefs in this case, we reverse the trial court’s grant of summary judgment and remand the case for a trial on the merits.
FACTS
¶ 2. MLPA sued Richard Ramsey and Perry Hood to recover $21,146.23 in unpaid invoices for cattle allegedly sold by MLPA to Ramsey and Hood. MLPA alleged in its complaint that Hood and Ramsey were indebted to it on an open account. Invoices for the account of H & R (Hood and Ramsey), totaling $21,146.23, were attached to the complaint. Hood answered the complaint, denied the material allegations thereof and plead the statute of frauds as a bar to MLPA’s recovery.
¶ 3. After the parties conducted some discovery, MLPA filed an amended complaint re-alleging the open account theory and also alleging two additional theories of recovery. MLPA alleged that it was entitled to relief accorded sellers under the Uniform Commercial Code, specifically those provisions codified as Miss. Code Ann. § § 75-2-709-710 (1972). MLPA claimed that there was an arrangement and course of dealing established with Ramsey and Hood whereby Ramsey would purchase cattle on credit, and Hood would pay for the cattle that were purchased. The amended complaint further alleged that, pursuant to this arrangement and course of dealing, several purchases and payments were made prior to the purchases which are the subject of the summary judgment. Lastly, MLPA alleged, in *449 the amended complaint, that it was entitled to recovery under the theory of unjust enrichment. It asserted that Perry and Hood would be unjustly enriched if allowed to retain the cattle without paying for them.
¶ 4. Hood answered the amended complaint and denied all of the material allegations thereof. Hood affirmatively pled that the debt was owed by Ramsey, that Hood never extended or authorized credit for purchases made by Ramsey, that the statute of frauds barred recovery by MLPA and that no sufficient writing existed that would bring.the suit within the exceptions to the statute of frauds. Ramsey never entered an appearance in this cause. Consequently, the trial court entered a default judgment against Ramsey and ordered him to pay $21,146.23 in damages, $5,040 in pre-judgment interest and $7,048.74 in attorney’s fees.
¶ 5. Hood filed a motion for summary judgment. In his motion, he asserted that the statute of frauds, as set forth in Miss. Code Ann. § 75-2-201 (1972), barred MLPA from recovering. He argued that for the sale of goods in excess of $500, the statute requires a writing signed by the party to be charged and that MLPA did not have a writing evidencing any type of contractual relationship between it and him. Hood also contended that there was no material issue of fact relating to the absence or presence of a writing, and that the only issue with respect to a writing was whether certain documents produced by MLPA, in response to his second request for production, satisfied the writing requirement of § 75-2-201. The documents produced by MLPA were copies of canceled checks drawn on Hood’s account and payable to MLPA, along with copies of invoices for cattle. MLPA alleged, in the production document, that these checks represented payments made by Hood for various deliveries of cattle and that the invoices were for cattle delivered to Hood and Ramsey but for which payment had not been received.
¶ 6. MLPA’s response to Hood’s motion for summary judgment asserted that Miss. Code Ann. § 75-2-201 (1972) did not bar recovery. MLPA further contended that, arguendo, even in the absence of a writing sufficient to satisfy § 75-2-201, its claim fell under § 75-2-201(3)(c) which provides:
(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable ...
(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (§ 75-2-606).-
MLPA argued that if a jury found that Hood and Ramsey were partners in the purchase of the livestock from MLPA, then the receiving and accepting of the cattle by Ramsey would bind the partnership. Additionally, MLPA argued that it had the absolute right to plead alternative theories of relief, and that it could recover under the doctrine of unjust enrichment or under the theory of an open account.
¶ 7. The trial court entered an order granting Hood’s motion for summary judgment. The trial judge opined:
While MLPA relies on an alleged partnership between Hood and Ramsey. MLPA did not plead the existence of a partnership in its complaint or amended complaint. Of course, matters not alleged in the pleadings may be tried by implied consent or express consent of the parties. Rule 15(b), Mississippi Rules of Civil Procedure. This matter was set for trial on July 27, 1998, pursuant to an ordered entered March 2, 1998. At the pre-trial conference held on this matter in early July, Defendant Hood raised objections to any evidence being presented regarding an alleged partnership or joint venture based on MLPA’s failure to plead same-. Therefore, no implied or express consent exists to hear this matter not alleged by the pleadings.
*450 No amendment to the pleadings has been sought by MLPA even after the objections were made by Hood at the pre-trial conference. The court would not be inclined to grant same now as we are upon the eve of trial. Therefore the Court is going to reject MLPA’s claim of partnership as between Hood and Ramsey as there is no allegation of same in the pleadings.
The Court is well aware that our state subscribes to the “notice” theory of pleading. However, as the comment to Rule 8, M.R.C.P. states: “Although Rule 8 abolishes many technical requirements of pleadings, it does not eliminate the necessity of stating the circumstances, occurrences, and the events which support the proffered claim.” The Court is of the opinion that an allegation of a partnership between two Defendants is one that must surely be made in the pleadings.
¶ 8. Additionally, the trial judge agreed that the statute of frauds applied to MLPA’s claim and found: (1) that no writing existed which would satisfy the statute of frauds, (2) that the exceptions to the statute of frauds did not apply because (i) the checks drawn on Hood’s account did not relate to the purchases at issue before the court, (ii) the goods were accepted and taken by Ramsey, (iii) the invoices were MLPA’s documents and were not signed by Hood, and (iv) there was no evidence that the invoices were ever provided to Hood. Consequently, the trial judge concluded that Hood was entitled to a judgment as a matter of law. The trial judge did not directly address MLPA’s unjust enrichment claim.
ANALYSIS OF THE ISSUE PRESENTED
¶ 9. MLPA lists five issues for our review and submits that the threshold issue for our consideration is whether the trial judge granted summary judgment pursuant to Rule 56, or a dismissal pursuant to Rule 12, of the Mississippi Rules of Civil Procedure. In our view of the case, it is not necessary to make that determination because in either case, we conclude the trial judge erred in not allowing this case to proceed to trial on its merits. We do note, however, that MLPA is correct in its assertion that the Mississippi Rules of Civil Procedure provide that if a trial judge determines a dismissal to be appropriate under Rule 12, he should allow an amendment of the complaint. But since the trial judge granted summary judgment, we will analyze his action from that perspective.
¶ 10. Our standard for our review of the trial court’s granting or denying summary judgement is well established and pronounced in our jurisprudence. The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). Aetna Cas. & Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996). The appellate court conducts de novo review of orders granting or denying summary judgment and looks at all the eviden-tiary matters before it — admissions - in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue, and another says the opposite. Id. All motions for summary judgment should be viewed with great skepticism, and if the trial court is to err, it is better to err on the side denying the motion. Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss.1986). If there is doubt as to whether or not a fact issue exists, it should be resolved in favor of the non-moving party. Id.
¶ 11. When the evidentiary documents that were before the trial judge in the case sub judice are examined under the stated standard of review, it is readily apparent that the trial judge erred in *451 granting summary judgment. In MLPA’s amended complaint, it alleged that in the spring of 1994, Hood and Ramsey made arrangements with it to purchase cattle, that the arrangement was that Ramsey was to purchase the cattle (on credit) and Hood was to pay for the cattle. The amended complaint further alleged that several purchases were made and paid for pursuant to that arrangement and that that course of dealing continued through the months of June and July 1994, until the first two weeks of August 1994, when Hood paid for cattle purchased on June 13, 15 and 29 by Ramsey. At that time, the joint account was in arrears for cattle purchased by Ramsey on July 13, 20, 27, and August 3. It is undisputed that Ramsey received invoices from MLPA for cattle purchased and received by him in July and August.
¶ 12. Ramsey testified by deposition that he and Hood entered into a business partnership to purchase, raise and sell cattle for a profit and that any profit would be divided between them. He denied that Hood was simply a lender of the money for the purchase of the cattle. Mott Head-ley, general manager and secretary/treasurer of MLPA, testified by deposition that prior to any cattle being sold by MLPA to Ramsey and Hood, he talked with Hood because MLPA was not willing to deal exclusively with Ramsey. He testified as follows concerning his conversation with Hood: “He [Hood] said the way they [Hood and Ramsey] wanted to set it up was that they would buy the cattle — Richard [Ramsey] would buy the cattle, and the following week when he came to buy again, bring the check. Would that be alright? And to which I told him it would.” Headley further testified that when the account became delinquent, he called Hood, and Hood promised to “get it straight” after Hood finished running for supervisor. Of course, Hood denied the existence of the partnership agreement as testified to by Ramsey and claimed that he (Hood) was simply a lender.
¶ 13. Clearly there was a material question of fact concerning the arrangement between MLPA and Hood and Ramsey. If, as contended by Ramsey, a partnership arrangement existed between Hood and Ramsey, Ramsey’s receipt of the cattle would bind Hood as to receipt. Likewise Ramsey’s receipt of the invoices for the cattle would also bind Hood, and of course, the invoices for the cattle would be sufficient to satisfy any claim that MLPA’s lawsuit is barred by the statute of frauds pursuant to Miss. Code Ann. § 75-2-201 (1972).
¶ 14. We also find merit in MLPA’s claim that even if the statute of frauds under the UCC were applicable, that fact would not bar MLPA’s claim under the theory of unjust enrichment if it were established factually that Ramsey and Hood entered into either a joint venture or partnership arrangement, for receipt of the cattle by Ramsey would bind Hood. We have already found that a material issue of fact exists with respect to the type of arrangement in existence between Ramsey and Hood and ultimately, between MLPA and Hood.
¶ 15. In arriving at its decision to grant summary judgment, the trial judge reasoned that the failure of MLPA to plead by nomenclature the existence of a partnership arrangement was fatal to MLPA’s claim. We believe the trial judge adopted a much too narrow view of the pleadings. A fair reading of MLPA’s amended complaint compels the conclusion that MLPA pled sufficient facts to place Hood on notice that MLPA was alleging a joint venture between Hood and Ramsey, and whether that venture amounted to something short of a partnership or not seems to us immaterial for purposes of summary judgment consideration. Therefore, we reverse the trial court and remand the case for trial on the merits.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY GRANTING SUMMARY JUDGMENT *452 TO APPELLEE PERRY HOOD IS REVERSED AND THE CASE REMANDED FOR TRIAL ON THE MERITS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. BRIDGES AND LEE, JJ., NOT PARTICIPATING.